## BROWN v. WATT CAR & WHEEL CO.
### Civ. A. No. 2061.

United States District Court,
S. D. Ohio, E. D.
June 24, 1949.

Loren G. Windom, Asst. U. S. Atty., Columbus, Ohio, for plaintiff.

Raymond D. Metzner, Cleveland, Ohio, and James A. White, Columbus, Ohio, for defendant.

UNDERWOOD, District Judge.

The facts involved in this case have been submitted to the Court upon an agreed statement. It appears from the statement that the sole issue to be decided by the Court is whether the plaintiff, a veteran of World War II, is entitled to two weeks' vacation during the first year of his post-war employment with the company for whom he worked prior to his induction into the armed forces.

The Court having carefully considered the agreed statements of fact and the briefs of the parties, makes the following findings of fact and conclusions of law:

### Findings of Fact

1. That plaintiff, Roy Brown, was a permanent employee of the defendant, The Watt Car and Wheel Company, from March 16, 1941 until December 9, 1942 when he was inducted into the service of the United States Army.

2. That on or about December 10, 1945 the plaintiff was honorably discharged; that he applied for reemployment; that defendant restored him to his former position with the pay and seniority of said position on January 4, 1946.

3. That between December 9, 1942 and December 10, 1945, the plaintiff was in the service of the United States Army.

4. That at the time of plaintiff's induction into the United States Army in 1942 the employees of the defendant were not entitled to any vacation with pay, nor was there any two week's vacation with pay until the Union contract in 1945.

5. In 1945 a contract was entered into with the International Association of Machinists Union, effective from April 15, 1945 to April 15, 1946, reading in part as follows:

"Article IX

"Sec. A—The Company agrees to grant a weeks vacation with pay to each of its employees, who at the time of such vacation have been continuously in its employ for a period of one year.

"Sec. B—The company agrees to grant two weeks vacation with pay to each of its employees, who at the time of such vacation have been continuously in its employ for a period of five years or more."

6. That, under the foregoing provisions of the contract, the Company and the signatory union have followed the practice of handling veterans' vacations in the manner in which plaintiff's case has been treated.

7. That non-veteran employees on furlough or leave of absence are not permitted, by the rules and practices of the employer, to count such time toward the five years' continuous employment required in order to be eligible for two weeks' vacation with pay.

8. That the employer has granted to the plaintiff one week vacation with pay for the years 1946 and 1947.

### Conclusions of Law

1. This Court has jurisdiction of the parties and the subject matter of this action.

2. Plaintiff has failed to prove that established rules and practices relating to employees on furlough or leave of absence in effect with defendant at the time plaintiff was inducted, provided that an employee's time on furlough be counted in determining vacations due.

3. Plaintiff has failed to prove that established rules and practices relating to employees on furlough or leave of absence in effect with defendant at the time plaintiff returned from the service, provided that an employee's time on furlough be counted in determining vacations due.

4. Plaintiff has failed to establish any right to an additional one week's vacation and this action should be dismissed.

Entry accordingly.